

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-2013

# USA v. Gregory Griswold

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-2529

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"USA v. Gregory Griswold" (2013). *2013 Decisions.* Paper 883.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/883

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2529
_____

UNITED STATES OF AMERICA

v.

GREGORY GRISWOLD,
                                        Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 09-cr-00568-001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
March 21, 2013
_____

Before: FUENTES, CHAGARES and BARRY, Circuit Judges

(Opinion Filed: May 2, 2013)
_____

OPINION
_____

BARRY, Circuit Judge

Gregory Griswold appeals the judgment of sentence for possession of a firearm by

a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  We find that his Sixth

Amendment rights were violated when the District Court denied his request, made prior

to jury selection, to proceed *pro se*.[1]  Accordingly, we will vacate the judgment of sentence and remand for further proceedings.

## I.

We write principally for the benefit of the parties and therefore recount only those facts essential to our review of the issue we reach on appeal.

On October 17, 2011, two weeks before trial, Griswold filed a motion requesting new counsel, which, after a hearing, the District Court denied.  Then, on the first day of trial, October 31, 2011, prior to the start of jury selection, Griswold asked to proceed *pro se*.  Griswold claimed that communications between him and his attorney had broken down and he believed his attorney was no longer acting in his best interests.  Although, at the outset, the District Court was of the opinion that Griswold was seeking to represent himself solely to delay the trial, it nonetheless conducted a full *Peppers* colloquy to determine if Griswold made the request to proceed *pro se* knowingly, voluntarily, and with a full understanding of the ramifications and consequences of self-representation.  At the end of the colloquy, and before granting or denying *pro se* status, the District Court asked Griswold how much time he would need to prepare for trial.  Griswold responded that it might take a couple of months.  The Court then denied Griswold's request,

---

[1] Griswold also argues that the District Court erred when it denied his motion to suppress physical evidence seized during the search of his apartment. Given our disposition of the Sixth Amendment claim, we need not reach the Fourth Amendment issue.

2

concluding it was made in bad faith merely as a delay tactic.[2] The Court confirmed its

reasoning in a Memorandum Opinion filed December 14, 2011.

On November 3, 2011, a jury found Griswold guilty of possession of a firearm by

a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On May 24, 2010, he was

sentenced to 120 months' imprisonment and a three-year term of supervised release. He

timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over

Griswold's Sixth Amendment claim. *United States v. Stubbs*, 281 F.3d 109, 113 n.2 (3d

Cir. 2002); *United States v. Goldberg,* 67 F.3d 1092, 1097 (3d Cir. 1995).

"The right to counsel embodied within the Sixth Amendment carries as its

corollary the right to proceed *pro se*." *United States v. Peppers,* 302 F.3d 120, 129 (3d

Cir. 2002); *see Faretta v. California,* 422 U.S. 806, 819–20 (1975). Because of the risks

inherent in proceeding without the assistance of counsel, we require that a defendant

"assert his desire to proceed *pro se* clearly and unequivocally" and that the court "inquire

thoroughly to satisfy itself that" the request is knowing and intelligent and the defendant

is competent to stand trial. *Peppers,* 302 F.3d at 132 (internal quotation marks and

---

[2] The District Court appears to have conflated Griswold's request to proceed *pro se* with
his implicit request for a continuance. The Court denied Griswold's request to proceed
*pro se* because he had not established "good cause," the standard used to determine

citations omitted).

In *United States v. Bankoff*, 613 F.3d 358 (2010), we held that a defendant possesses the right to proceed *pro se* pursuant to a timely request, assuming, of course, the *Peppers* requirements are met—the request was clear and unequivocal, made knowingly and intelligently, by a defendant competent to stand trial. *Id.* at 373. "A request is timely even when made on the 'eve of trial.'" *Id.* (quoting *Buhl v. Cooksey*, 233 F.3d 783, 795 (3d Cir. 2000) and citing *Gov't of the V.I. v. James,* 934 F.2d 468, 470 (3d Cir. 1991) (finding timely a request made on the first day of trial, but before jury selection)). If the request is untimely, i.e., made after the commencement of trial, the right to proceed *pro se* is no longer absolute, and the district court may, in its discretion, deny the request. *Id.* (recognizing that "district courts have discretion to deny an untimely request to proceed *pro se* after weighing the prejudice to the legitimate interests of the defendant against the potential disruption of proceedings already in progress").

Here, Griswold made a timely request[3] to proceed *pro se*, and we are satisfied on this record that the *Peppers* requirements were met. Thus, the District Court erred by denying Griswold's request.[4] The Court's desire to prevent trial delay is certainly

---

whether a continuance should be granted after a defendant requests new counsel. *Peppers*, 302 F.3d at 132.

[3] Although made on the day of trial, the jury had yet to be empanelled. *Bankoff*, 613 F.3d at 373 (noting a request is untimely if made "after trial has commenced—i.e. . . . after the jury has been empanelled").

[4] The District Court stated that under *Bankoff* "the timing of the request is only one factor that a Court must consider" and that the Court is "obligated to balance the prejudice to the Defendant's legitimate interests against any potential disruption that a self-

4

understandable, as is its frustration at Griswold's last minute decision to proceed *pro se*. Nevertheless, the right to proceed *pro se* pursuant to a timely request, where the *Peppers* requirements have been satisfied, is unqualified.

## III.

For the aforementioned reasons, we will vacate the judgment of conviction and sentence, and remand for further proceedings.

---

representation request would cause." (J.A. vol. II at 34). This discretionary balancing only occurs, however, when the right to proceed *pro se* is "curtailed" by an untimely request. *Bankoff*, 613 F.3d at 373. The request here was timely, and thus the Court should not have reached this balancing inquiry.